E-FILED
Friday, 13 November, 2009  10:04:56 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

SETH A. COX,                          )
                                      )
       Petitioner,            )
                                      )
v.                                    )      Case No. 09-4055
                                      )
UNITED STATES OF AMERICA,             )
                                      )
       Respondent.            )

## ORDER

Before the Court is Petitioner Seth A. Cox's ("Cox") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Cox's Motion [#1] is DENIED.

## BACKGROUND

On October 5, 2006, a jury in this Court convicted Cox of conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine ("meth"), in violation of 21 U.S.C. § 846.  Because of Cox's Criminal History Category of V and a three level increase in his offense level for endangering other people and the environment, his sentencing range was from 324 to 500 months.  On April 13, 2007, the Court sentenced Cox to 300 months' imprisonment and 5 years of supervised release.  On appeal to the Seventh Circuit, Cox argued: 1) that the indictment incorrectly stated the elements of the offense charged and failed to allege the elements of a conspiracy, 2) that the district court committed plain error by allowing witnesses to describe the method of the manufacture of meth as the "Nazi" method without a curative

1

instruction, and 3) that the district court committed clear error in calculating the quantity of drugs for which Cox was responsible.  On August 4, 2008, the Seventh Circuit affirmed the conviction and sentence.  *United States v. Cox*, 536 F.3d 723, 730 (7th Cir. 2008).  The Supreme Court denied Cox's petition for writ of certiorari on December 15, 2008.

On July 30, 2009, Cox timely filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255.  Cox argues that he received ineffective assistance of trial counsel because his counsel failed to object to or otherwise clarify Government witnesses' testimony about the "Nazi" method of meth manufacture.  He further argues that he received ineffective assistance of trial counsel because his counsel failed to fully and effectively conduct a pre-trial investigation of Government witnesses and failed to utilize impeachment evidence.  Finally, Cox asks the Court to re-evaluate the quantity of meth fairly attributable to him.  The Court ordered the Government to respond to Cox's § 2255 Motion, and Cox has filed a Traverse.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Federal courts lack power under § 2255 to rectify errors that fall short of "vitiating the sentencing court's jurisdiction or are otherwise of constitutional magnitude."  *Broadway v. United States*, 104 F.3d 901, 903 (7th Cir. 1997).

Specifically, with respect to a claim of ineffective assistance of counsel, a petitioner must establish: (1) his attorney's performance was deficient; and (2) this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  With respect to the first prong of the

2

test, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and the court's inquiry into the attorney's performance is "highly deferential." *Id*. at 689. Counsel is presumed to have made reasonable strategic choices, and "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001).

The second prong of the *Strickland* test requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Here, Cox must satisfy both prongs of the test in order to meet his burden, and a finding against him on either prong ends the inquiry. *Id.* at 697 ("there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

Cox contends that his trial counsel was ineffective when counsel neither objected to nor requested a jury instruction to cure the misleading nature of the Government witnesses' testimony regarding the "Nazi method" of cooking meth.[1] Illinois State Police Sergeant Mark Thatcher testified about his involvement in the search of co-conspirator Audie Weir's residence and Cox's residence. Sergeant Thatcher was asked to describe the most common way to make

---

[1] The Court notes parenthetically that Cox's ineffective assistance of trial counsel claims are likely procedurally defaulted because Cox failed to raise the claims in his direct appeal to the Seventh Circuit. See *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996) ("Where a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so"). Because Respondent does not definitively makes this argument, but rather proceeds under the *Strickland* test, the Court will proceed in that manner.

meth and responded:

> In Illinois, about 95 percent of the labs we seize are called anhydrous ammonia labs or Nazi labs.

Trial Transcript p. 127.  DEA Special Agent Jon Johnson was called to testify regarding his

training and experience in the investigation of meth cases and his knowledge of clandestine labs

where meth was produced.  In response to questioning, he testified:

> Q.    Now there are two methods for manufacturing [meth], is that correct, in the clandestine setting?

> A.    Two methods that we see for clandestine labs, the red phosphorous method and the other method we call the Nazi method or the anhydrous ammonia and lithium reduction method.

> Q.    Now the Nazi method or the reduction method is the more common lab set-up that you see in this area?

> A.    In this area, probably 98 percent of our labs are Nazi labs.

> Q.    And that was the lab set-up that was involved in this case?

> A.    That's my understanding.

> Q.    Why do they call it Nazi, the Nazi method?

> A.    My understanding from an agent that worked one of the first cases in Missouri, when he found a recipe that the lab operator had printed up, he had it on a piece of letterhead that had like a Nazi swastika or logo on top of it and he nicknamed it Nazi method and that method - or that name just stuck since that time.

Trial Transcript pp. 395-96.  Cox argues that "[b]ecause defense counsel allowed those

prejudicial remarks [involving 'Nazi'] to reach the jury as 'evidence,' the jury was left to infer as

they wished, including the inference that Mr. Cox and his alleged co-conspirators were 'Nazis.'

This is the 'evidence' on which the verdict in this case rests."[2]  But the testimony regarding the "Nazi method" and "Nazi labs" was used simply to describe the common way in Illinois to manufacture meth.  The Government did not elicit that testimony to serve as a description of Cox or any of his co-conspirators.[3]

Under the second prong, the prejudice prong, of *Strickland*, Cox must show that but for his trial counsel's error in not objecting to the Government witnesses' testimony repeatedly characterizing the method of meth manufacture at issue as the "Nazi method," the result of the proceedings would have been different.  In other words, Cox must show that the outcome of his trial would have been different had the jury not heard references to the "Nazi method" or to "Nazi labs."  Cox contends that those references left firm impressions in the minds of the jurors that he and his alleged co-conspirators were pro-Nazi and affiliated with Nazis, so that he was deprived a fair trial.  But the Government presented the testimony of two of Cox's co-conspirators, the cook Cox supplied with some of the necessary ingredients to make meth, and another meth user who was present at the cook's home when Cox would bring supplies.  The trial record reflects that each of these witnesses presented evidence to establish Cox's

---

[2] He further argues that the terms "Nazi method" and "Nazi swastika" were unnecessary to describe the relevant method because its proper term is the "Birch reduction method." Petitioner's Reply p. 4.  But the Illinois Attorney General's website, which Cox cites for this information, explains that the Birch method is more commonly called the "Nazi Method."

[3] Cox cites numerous cases in his Reply that explain that evidence of a defendant's alleged gang affiliation introduced by the Government against a defendant may be so prejudicial as to be inadmissible.  In those cases, the Government attempted to link the defendant to gang membership in order to prevail.  Here, the Government did not use "Nazi method" or "Nazi labs" to link Cox to Nazism in order to prevail in its case.  Whether Cox was "pro-Nazi" was irrelevant to the charge against him of conspiring to manufacture, distribute and possess with intent to distribute meth and so the Government did not elicit that testimony.  The cited gang cases are therefore inapposite.

5

involvement in the charged conspiracy.  Cox does not refute that evidence and is otherwise unable to establish that he would not have been found guilty had the jury not heard Sergeant Thatcher and DEA Special Agent Johnson's references to the "Nazi method" or "Nazi labs." Because Cox is unable to establish the second prejudice prong of the *Strickland* test, there is no reason for the Court to address the first prong.

Cox next contends that his trial counsel was ineffective when counsel completely failed to conduct a pre-trial investigation, failed to call witnesses in his favor, failed to impeach a key Government witness, and otherwise failed to prepare for trial.  In order for Cox to succeed under the first prong of *Strickland*, he must present precise information which an investigation would have revealed and actual testimony or an affidavit of a putative witness.  See *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)) (a petitioner alleging counsel was ineffective because of failure to investigate bears burden of providing the court with "a comprehensive showing as to what the investigation would have produced"); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (a defendant must do more than simply state a witness's testimony would be favorable to his position).  Here, Cox does not present the specific information that an investigation would have revealed, nor does he present testimony or an affidavit of a favorable witness.  Therefore, his ineffective assistance of trial counsel claim fails on these grounds.

Cox devotes much of his time to arguing that he received ineffective assistance of trial counsel because counsel failed to impeach Sergeant Thatcher with the latter's disciplinary record.  The Government contends that given the nature of Sergeant Thatcher's testimony, he could not have been impeached by his disciplinary record.  Sergeant Thatcher testified about the

6

items located during the search of Cox's residence which were introduced as Government

exhibits, and testified to how meth is manufactured and packaged for sale, based upon his

training and experience.  The Government further notes that each of their witnesses were

questioned by defense counsel during their cross-examinations, their claimed lack of credibility

was used during defense counsel's closing argument, and Cox's counsel further pursued his

defense through argument to the jury.  The Court remains highly deferential in its inquiry into

Cox's trial counsel's performance and therefore finds that his trial counsel's performance was

not so unreasonable as to be ineffective.[4]  Cox's failure to present additional evidence to support

his ineffective assistance of counsel claim also means that he cannot satisfy the second prong of

*Strickland*.

Cox finally asks the Court to re-evaluate the quantity of meth fairly attributable to him at

sentencing, arguing that there was an incorrect sentencing determination as a result of the

Court's calculations.  In his direct appeal to the Seventh Circuit, Cox raised this very issue,

arguing that this Court improperly relied upon the testimony of Audie Weir, the meth

manufacturer in this case.  The Seventh Circuit considered it, and held that Weir's testimony

bore sufficient indicia of reliability so that this Court did not commit clear error in calculating

Cox's drug quantity.  *Cox*, 536 F.3d at 730.  Issues that a § 2255 petitioner has raised on direct

appeal may not be reconsidered in a § 2255 motion absent changed circumstances.  *Varela v.*

*United States*, 481 F.3d 932, 935-36 (7th Cir. 2007). Cox insists that the Court does have

---

[4] Cox cites cases discussing the effective assistance guarantee of the Sixth Amendment
and states that "defense counsel's inadequate representation deprived Mr. Cox of far more than
effective counsel . . . ."  While those cases set forth the relevant considerations here, Cox fails to
sufficiently establish how his trial counsel's performance was ineffective given those
considerations.

jurisdiction to reevaluate his sentence because he's challenging the Court's calculation of his sentencing guideline range.  That argument does not present any changed circumstances and so Cox is procedurally barred from raising the issue in his § 2255 petition.

**CONCLUSION**

For the reasons set forth above, Cox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DENIED.  The matter is now TERMINATED.

Entered this 13th day of November, 2009.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

8